## BOWSKY v. COSBY et al.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

INTERPLEADER—SUBSTITUTION OF PARTIES—PAYMENT OF MONEY INTO COURT—
RIGHT OF PLAINTIFF TO BE DISCHARGED.

Where, in an action for interpleader, plaintiff paid into court the amount of a judgment which had been recovered against him by one of the parties defendant, and was adversely claimed by the other party defendant and by a third person, who, on her own petition, was made party, it was error to discontinue the action as to plaintiff and substitute one of the defendants in that capacity without rendering interlocutory judgment discharging plaintiff from liability on account of the judgment.

Appeal from Special Term, New York County.

Action by Max Bowsky against Arthur F. Cosby, as receiver, and another. From an order discontinuing the action as to plaintiff individually, substituting defendant Cosby as plaintiff, and making Regina Dittel, an infant, party defendant, and requiring the substituted plaintiff to serve a supplemental complaint, plaintiff and defendant Cosby appeal. Modified.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William L. Mathot, for appellant Bowsky.
Harry L. Herzog, for appellant Cosby.
Nathaniel Levy, for respondent.

INGRAHAM, J. Both the plaintiff and the defendant Cosby appeal from this order. The action is for an interpleader, the plaintiff asking to pay the amount of a judgment recovered against him by the defendant Hellen Dittel into court to the credit of this action, and upon such payment the defendants to be enjoined from enforcing the judgment. The complaint alleges that the defendant Cosby had been appointed a receiver of the property of Hellen Dittel, the judgment creditor, in supplemental proceeding to enforce that judgment. After the action was commenced, upon motion of the plaintiff an injunction restraining the enforcement of this judgment was granted upon the plaintiff paying the amount of the judgment, with interest, into court, to the credit of this action. Subsequent to the entry of the order granting this injunction, one Regina Dittel, an infant, presented a petition alleging that this judgment was her property, and asking to be made a party defendant to this action; whereupon a guardian ad litem was appointed for this petitioner. The defendants Hellen Dittel and Cosby, as receiver, interposed answers, the receiver claiming to be entitled to the money paid into court, and the defendant Hellen Dittel claiming that the judgment was the property of her daughter, Regina Dittel; and her answer demanded an affirmative judgment directing that the money paid into court to the credit of the action be paid to Regina Dittel. Upon the petition of Regina Dittel and the pleadings an order was obtained requiring the plaintiff and the defendant Cosby to show cause why an order should not be made discontinuing the

action so far as the plaintiff was concerned, and dismissing him from the action, and substituting the defendant Cosby, as receiver, as the plaintiff, and making Regina Dittel, by her guardian ad litem, a party defendant, and this motion was granted.

Upon the pleadings it is quite evident that the plaintiff would be entitled to an interlocutory judgment discharging him from liability to the defendants upon this judgment, and requiring them to interplead as between themselves; but this interlocutory judgment should be directed when the case came on for trial at Special Term. I think that the court was justified in granting the application of the infant Regina Dittel to be made a party defendant and allowing her to interpose her claim to the amount of money paid into court by the plaintiff; but certainly the court was not justified, against the wish of the plaintiff, in discontinuing the action against him without the usual interlocutory judgment by which the plaintiff would be discharged from liability to the defendants on account of the judgment, and by which the injunction restraining the defendants, or either of them, from enforcing the judgment against him, would be made permanent. The defendant has, in effect, paid this judgment by depositing the money into court to the credit of this action. He is certainly entitled to a judgment which will protect him from any further attempt by any of the parties to the action to enforce the judgment. The parties to this action having got the plaintiff's money, the plaintiff was entitled to have the judgment judicially declared paid, and entitled to a judgment to that effect.

The order appealed from should therefore be modified by striking out all of its provisions except that making Regina Dittel a party defendant, leaving the plaintiff to bring the action on for trial at Special Term, and obtain there the judgment to which he is entitled; the plaintiff to have $10 costs and disbursements of this appeal. All concur.